## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY RICHARDSON** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 19-5072** |
| **v.** | : | |
| | : | |
| **ILYA DIDOK,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                    SEPTEMBER 17, 2020

## MEMORANDUM OPINION

### INTRODUCTION

Terry Richardson ("Plaintiff") filed an amended complaint in which he asserted, *inter alia*, a Fourteenth Amendment Equal Protection claim against Philadelphia Police Department Officers Ilya Didok, Nicholas Frye, Ronal Davis, Jr., and two unnamed officers (collectively, "Defendants"), based on an alleged selective enforcement of the law. [ECF 18].  Before this Court are Defendants' motion for partial judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), which seeks judgment in Defendants' favor on Plaintiff's Equal Protection claim (Count III), [ECF 39], and Plaintiff's response in opposition thereto.  [ECF 45]. The issues raised in Defendants' motion have been fully briefed and are ripe for disposition.  For the reasons stated herein, Defendants' motion for partial judgment on the pleadings is granted.

### BACKGROUND

Rule 12(c) motions for judgment on the pleadings are reviewed under the same standards as motions to dismiss under Rule 12(b)(6).  *Caprio*, 709 F.3d at 146-47; *see also Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004).  Thus, when ruling on a Rule 12(c) motion for judgment on

the pleadings, this Court must accept as true all of the factual allegations in the operative complaint and construe them in the light most favorable to Plaintiff.  *Caprio v. Healthcare Revenue Recovery Grp.*, 709 F.3d 142, 146-47 (3d Cir. 2013); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009)).   The relevant allegations in Plaintiff's amended complaint are summarized as follows:

> On November 18, 2018, Plaintiff was legally driving his car at or around the intersection of 54th Street and Paschall Avenue in Philadelphia, Pennsylvania. While driving northbound on 54th Street, Plaintiff used his turn signal to indicate his intent to turn right as he stopped at a stop sign at the intersection.  After turning right, Defendant Officers Ilya Didok, Nicholas Frye, and Ronal Davis, Jr. effectuated a traffic stop of Plaintiff's car.  When these officers approached Plaintiff in his car, they told Plaintiff that he was stopped for failing to use his turn signal before turning onto Paschall Avenue.  Plaintiff contends that the officers were too far away from his car at the time he turned onto Paschall Avenue to have seen the use or nonuse of his turn signal.  The officers asked Plaintiff for his driver's license and registration and then checked whether Plaintiff had any outstanding warrants for his arrest.   At the time, Plaintiff had no outstanding warrants, and he communicated that to the officers.  The officers, however, told Plaintiff that their search revealed that Plaintiff had outstanding warrants for his arrest and, therefore, they were going to take him into custody pursuant to those warrants.  Plaintiff was then handcuffed and transported in a police vehicle to the 12th District Station of the Philadelphia Police Department.  At the station, Defendants Didok, Frye, and/or Davis allegedly handcuffed Plaintiff to a chair and later moved him into a jail cell. Defendants never issued Plaintiff a ticket for the alleged traffic violation, nor was Plaintiff ever charged with a crime pursuant to this incident.

> Plaintiff alleges that by taking Plaintiff to jail, Defendants "strategically and purposely discriminated" against him to "punish" him for exercising his right to complain about the stop, and for truthfully telling the officers that he did not have any outstanding warrants at the time of the traffic stop.  Plaintiff also alleges that he was "similarly situated with other persons suspected of not using a turn signal" and that these persons "were issued a ticket or released but not incarcerated."

## LEGAL STANDARD OF REVIEW

After the pleadings are closed, but early enough as to not delay trial, a party may move for judgment on the pleadings.  Fed. R. Civ. P. 12(c).   Rule 12(c) motions for judgment on the pleadings are reviewed under the same standards as motions to dismiss under Rule 12(b)(6).

*Caprio*, 709 F.3d at 146-47; *see also Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004).  Since, when ruling on a Rule 12(c) motion, the court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions, the court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).  A complaint must do more than merely allege a plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted).  The plaintiff "must allege facts sufficient to 'nudge [his or her] claims across the line from conceivable to plausible.'" *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  After construing the complaint in the light most favorable to the plaintiff, if a court determines that, as a matter of law, the plaintiff could not be entitled to judgment, a court may enter judgment in favor of the movant on the claim. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019); *see also Fowler*, 578 F.3d at 210.

**DISCUSSION**

In their motion, Defendants seek judgment in their favor on Plaintiff's Equal Protection selective enforcement claim because: (1) Plaintiff did not allege different treatment of similarly situated individuals with sufficient factual specificity and, (2) even if this Court found that Plaintiff did sufficiently plead different treatment, the class of individuals that Plaintiff identifies as

similarly situated is inapplicable to Plaintiff's claim and/or is not sufficiently comparable in all relevant respects.  In response, Plaintiff argues that his amended complaint is factually sufficient.

The Equal Protection Clause of the Fourteenth Amendment "prohibits selective enforcement of the law based on considerations such as race [and other unjustifiable bases]." *Whren v. United States*, 517 U.S. 806, 813 (1996); *see also PG Publ'g Co. v. Aichele*, 705 F.3d 91, 115 (3d Cir. 2013).  In order to establish a selective enforcement claim under the Fourteenth Amendment, a plaintiff must allege that (1) he was treated differently from other similarly situated individuals and (2) the selective treatment "was based on an unjustifiable standard such as race, or religion, or some other arbitrary factor, . . . or to prevent the exercise of some fundamental right." *Dique v. N.J. State Police*, 603 F.3d 181, 184 n.5 (3d Cir. 2010) (quoting *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005)) (internal quotations omitted); *see also PG Publ'g*, 705 F.3d at 115 (citing *Dique*, 603 F.3d at 184 n.5) (identifying elements of a selective enforcement claim). A plaintiff must do more than merely allege facts that illustrate unequal application of a law or practice; he or she must also allege the existence of an "intentional or discriminatory purpose" motivating the unequal application.  *PG Publ'g*, 705 F.3d at 115 (citing *Jewish Home of E. Pa. v. Ctrs. for Medicare & Medicaid Servs.*, 693 F.3d 359, 363 (3d Cir. 2011)); *see also Stein v. City of Philadelphia*, 2014 U.S. Dist. LEXIS 48865, at *4 (E.D. Pa. Apr. 8, 2014) ("To maintain a claim of [selective enforcement], [plaintiff] must provide evidence of discriminatory intent, not just unequal treatment or adverse effect.").

In order to plead the first element of a selective enforcement claim, it is "essential" that the plaintiff allege facts sufficient to show that "comparable parties were 'similarly situated.'" *Starzell v. City of Philadelphia*, 533 F.3d 183, 202 (3d Cir. 2008) (quoting *Hill*, 411 F.3d at 125).  A person is "similarly situated" when he or she is "alike in all relevant aspects" to another person or entity.

4

*Starzell*, 533 F.3d at 203 (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)) (internal quotation marks omitted).  Since "claims appealing to the Equal Protection Clause must meet a higher bar," a plaintiff must do more than merely allege he or she was "similarly situated" to an individual or group treated differently.  *PG Publ'g*, 705 F.3d at 115.  A plaintiff must allege *specific* facts, circumstances, or occurrences showing how he or she was similarly situated to another specified entity *and* illustrate the alleged differential treatment that occurred.  *See PG Publ'g*, 705 F.3d at 115 (affirming holding that allegations of "some instances" of differential treatment were "insufficient" to state selective enforcement claim); *see also Zitter v. Petruccelli*, 744 F. App'x 90, 96-97 (3d Cir. 2018) (affirming dismissal of selective enforcement claim when plaintiff did not allege how comparator was treated differently and plaintiff and comparator were not similarly situated); *Stein*, 2014 U.S. Dist. LEXIS 46665, at *4-5 (holding plaintiff did not state selective enforcement claim when he "failed to allege specific instances" of differential treatment); *Prof'l Dog Breeders Advisory Council, Inc. v. Wolff*, 752 F. Supp. 2d 575, 595 (E.D. Pa. 2010) (internal citation omitted) (holding that "plaintiff must *name someone* who was similarly situated but treated differently.") (emphasis added).

Here, Plaintiff baldly alleges that he "was similarly situated with other persons suspected of not using a turn signal.  They were issued a ticket or released but not incarcerated."  [ECF 18 at ¶ 34].  Nowhere in the amended complaint does Plaintiff identify any specific individuals or groups of people who might serve as comparators.[1]  Without a more specific identification of an alleged comparator, such a bare, amorphous assertion is insufficient to satisfy the first element of a selective enforcement claim.  *See, e.g.*, *Prof'l Dog Breeders*, 752 F. Supp. 2d at 595-96 (dismissing selective enforcement claim where complaint stated plaintiff was similarly situated to and treated

---

[1]      Plaintiff does not allege, for example, any specific instances of police treatment of similarly situated individuals was markedly different from Plaintiff's treatment.

differently from "non-profit kennels and kennels located outside of Lancaster County that had over 40,000 dogs" because plaintiff did "not name a similarly situated party who was treated differently."). Additionally, without alleging any specific examples of differential treatment by the police of individuals "suspected of not using a turn signal who were issued a ticket or released, but not incarcerated," Plaintiff cannot satisfy the first element of his selective enforcement claim. *See*, *e.g.*, *Stein*, 2014 U.S. Dist. LEXIS 46665, at *4-5 (dismissing selective enforcement claim where the complaint did not provide "any specific example" of differential treatment).

Turning to Defendants' additional argument regarding the inapplicability of Plaintiff's alleged class of similarly situated individuals, this Court agrees that the class Plaintiff identifies is not a proper or permissible class for his selective enforcement claim. Plaintiff alleges that he was arrested and taken into custody pursuant to non-existent warrants that Defendants falsely claimed existed. Plaintiff further alleges that he was never ticketed, arrested, or charged for failing to use his turn signal or any other traffic violation. Despite these allegations, Plaintiff inconsistently contends that the class of similarly situated individuals consists of "persons suspected of not using a turn signal," and that he was treated differently from this class because "[t]hey were issued a ticket or released but not incarcerated." [ECF 18 at ¶ 34]. Any individuals within this alleged class, however, would not be similarly situated to Plaintiff in a relevant manner regarding his alleged differential treatment. While Plaintiff is an individual suspected of not using a turn signal, he does not allege that he was ticketed, arrested, or incarcerated for that alleged traffic violation. Contrarily, Plaintiff alleges that he was arrested pursuant to outstanding warrants (which did not actually exist). Thus, the comparator group that Plaintiff suggests is inconsistent with the facts alleged—the group consists of people's treatment regarding a traffic violation, but Plaintiff's alleged negative treatment is regarding outstanding warrants; the consequences relate back to two

different bases for police interaction.  Even if Plaintiff had alleged a valid comparator group, his allegations do not show differential treatment from that group.  In fact, Plaintiff specifically alleges that he was treated *the same* as his suggested comparator group: he was suspected of not using a turn signal, but was not arrested or incarcerated *for that suspected traffic violation*.[2]  Unlike the individuals in the alleged class, Plaintiff was arrested under the alleged guise of outstanding warrants, which is a particularly relevant fact that also renders the allegedly similarly situated individuals ***not*** "alike in all relevant aspects" to Plaintiff and, thus, not truly similarly situated.  *See Starzell*, 533 F.3d at 203; *see, e.g., Zitter*, 744 F. App'x at 96-97 (affirming dismissal of selective enforcement claim where court identified relevant differences between plaintiff and alleged comparators, such that they were not actually similarly situated).  Therefore, Plaintiff fails to satisfy the first element of a selective enforcement claim because he did not sufficiently allege a valid, comparable class of similarly situated people.

### *Leave to Amend*

In his response, Plaintiff appears to informally request leave to amend his complaint for a second time.  Rule 15(a) provides that once the time has lapsed for a party to amend as a matter of course, a party may only amend its pleading with leave of court or permission from the opposing party. Fed. R. Civ. P. 15(a)(1-2).  Courts "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "courts may deny leave when the proposed amendment would be futile[.]"  *Murphy v. Office of Disciplinary Counsel*, __ F. App'x __, 2020 U.S. App. LEXIS

---

[2]    Plaintiff alleges that the individuals in the suggested comparator group In his complaint, Plaintiff alleges that he was treated differently from "persons suspected of not using a turn signal," because "were issued a ticket or released but not incarcerated" for that traffic violation.  [ECF 18 at ¶ 34].  Thus, some people in the suggested comparator group were ticketed for their traffic violation.  Plaintiff does, technically, allege differential treatment from that subgroup of the comparator group, however, that treatment would be in his *favor*, not to his detriment, because Plaintiff alleges that he was not ticketed or punished in anyway for a traffic violation  [ECF 18 at ¶ 28].

21309, at *4 (3d Cir. July 7, 2020) (quoting *Wolfington*, 935 F.3d 187, 210 (3d Cir. 2019)) (internal quotation marks omitted).  An amendment in this case would be futile because none of Plaintiff's proposed amendments pertains to the Equal Protection claim being adjudicated here, nor would the proposed factual allegations change this Court's decision on the underlying motion. Accordingly, Plaintiff's request for leave to amend, as delineated in his response, is denied.

**CONCLUSION**

For the reasons stated herein, Defendants' motion for partial judgment on the pleadings is granted, and judgment is entered in favor of Defendants on the Fourteenth Amendment Equal Protection (selective enforcement) claim found in Count III of the amended complaint.  An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.